UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEMETRIUS RAFAEL JACKSON,

        Plaintiff,

v.

                                        Case No. 3:20-cv-648-J-34JRK

JOHNATHON L. STOKES,
et al,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Demetrius Rafael Jackson, an inmate of the Florida penal system, initiated this action on June 22, 2020, when he filed a pro se Civil Rights Complaint Form (Complaint; Doc. 1) pursuant to the mailbox rule. In the Complaint, Jackson names the following individuals as Defendants: (1) Sergeant Johnathon L. Stokes; (2) Lieutenant Hector Lopez; and (3) Corrections Officer Whittington. He asserts that Defendants violated his federal constitutional rights when they used excessive force against him on May 20, 2020. As relief, he requests compensatory and punitive damages.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is

immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. In assessing the Complaint, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y for Dep't of Corr., 508

2

F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

Additionally, the PLRA requires an inmate wishing to challenge prison conditions to first exhaust all available administrative remedies before asserting any claim under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a). Nevertheless, a prisoner such as Jackson is not required to plead exhaustion. See Jones v. Bock, 549 U.S. 199, 216 (2007). Instead, the United States Supreme Court has recognized that "failure to exhaust is an affirmative defense under the PLRA[.]" Id. However, when the Court can determine that lack of proper exhaustion appears from the face of the complaint, the complaint may be dismissed. See Bingham, 654 F.3d at 1175 (citing Jones, 549 U.S. at 215). Importantly, exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the PLRA. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). Not only is there a recognized exhaustion requirement, "the PLRA … requires proper exhaustion" as set forth in the applicable administrative rules and policies of the institution. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

State law "determines what steps are required to exhaust." Dimanche v. Brown, 783 F.3d 1204, 1207 (11th Cir. 2015); see also Jones, 549 U.S. at 218 (stating that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion"). The Florida Department of Corrections (FDOC) provides an internal grievance procedure for its inmates. See FLA. ADMIN. CODE r. 33-103.001 through 33-103.018. Generally, to properly exhaust administrative remedies, a prisoner must complete a three-step sequential process. First, an inmate must submit an informal grievance to a designated staff member at the institutional level. See FLA. ADMIN. CODE r. 33-103.005. If the issue is not resolved, the inmate must submit a formal grievance at the institutional level. See FLA. ADMIN. CODE r. 33-103.006. If the matter is not resolved at the institutional level, the inmate must file an appeal to the Office of the FDOC Secretary. See FLA. ADMIN. CODE r. 33-103.007. However, under certain specified circumstances, an inmate can bypass the informal-grievance stage and start with a formal grievance at the institutional level. See FLA. ADMIN. CODE r. 33-103.005(1); 33-103.006(3). Or, an inmate can completely bypass the institutional level and proceed directly to the Office of the FDOC Secretary by filing a "direct grievance." See FLA. ADMIN. CODE r. 33-103.007(3).

Florida Administrative Code Rule 33-103.011 provides time frames for submission of grievances. Generally, the following time limits are applicable. Informal grievances must be received within twenty days from the date on which the incident or action that is the subject of the grievance occurred. See FLA. ADMIN. CODE r. 33-103.011(1)(a). Formal grievances must be received no later than fifteen days from the date of the response to the informal grievance. See FLA. ADMIN. CODE r. 33-103.011(1)(b).

Similarly, grievance appeals to the Office of the Secretary must be received within fifteen days from the date the response to the formal grievance is returned to the inmate. See FLA. ADMIN. CODE r. 33-103.011(1)(c). Generally, the FDOC must respond to an informal grievance within fifteen days of the date it was received, see FLA. ADMIN. CODE r. 33-103.011 (3)(a); a formal grievance within twenty days, see FLA. ADMIN. CODE r. 33-103.011(3)(b); and direct grievances and appeals to the FDOC Secretary within thirty days, see FLA. ADMIN. CODE r. 33-103.011(3)(c). Notably, "[i]t is the policy of the department that all inmate request forms be answered." FLA. ADMIN. CODE r. 33-103.005(5). Rule 33-103.011(4) states:

> The time limit for responding to grievances and appeals may be extended for a reasonable period agreeable to both parties if the extension is agreed to in writing by the inmate. **Unless the grievant has agreed in writing to an extension, expiration of a time limit at any step in the process shall entitle the complainant to proceed to the next step of the grievance process.** If this occurs, the complainant must clearly indicate this fact when filing at the next step. If the inmate does not agree to an extension of time at the central office level of review, he shall be entitled to proceed with judicial remedies as he would have exhausted his administrative remedies. The Bureau of Policy Management and Inmate Appeals will nevertheless ensure that the grievance is investigated and responded to even though an extension has not been agreed to by the inmate.

FLA. ADMIN. CODE r. 33-103.011(4) (emphasis added).

Here, it is apparent from the face of the Complaint that Jackson did not exhaust his administrative remedies as to his claims against Defendants Stokes, Lopez, and Whittington before initiating the instant civil rights action. In the Complaint, he asserts that he submitted an informal grievance on May 26, 2020. See Complaint at 7. He states that, when he did not receive a response, he submitted another informal grievance on June 1,

5

2020. See id. According to Jackson, when he did not receive a response to his informal grievance, he proceeded to the next step by submitting a formal grievance to the Warden,[1] who had not responded by the time Jackson filed his Complaint on June 22, 2020. See id. Jackson "believe[s]" FDOC officials are "trying to cover this up," and "that[']s why they" have not responded to his grievances. Id.

Notably, Jackson neither waited for the Warden to respond to his formal grievance nor for the expiration of the twenty-day response time before filing this lawsuit on June 22, 2020. See Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2007) (affirming sua sponte dismissal for failure to exhaust when a federal inmate submitted a written complaint and appealed the decision, but filed his lawsuit before he received the final decision on his appeal). Nor did Jackson allege that he proceeded to the third step by filing an appeal to the FDOC Secretary. As such, Jackson never completed the three-step sequential process. He cannot cure this lack of exhaustion by showing that he completed the grievance process after this lawsuit was initiated. In light of the foregoing, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Taking Jackson's allegations as true, he was entitled to proceed to the next step by submitting a formal grievance to the Warden if the fifteen-day informal grievance response time had expired. See FLA. ADMIN. CODE r. 33-103.011(4) (stating "expiration of a time limit at any step in the process shall entitle the complainant to proceed to the next step of the grievance process").

[2] See Okpala, 248 F. App'x at 73 ("Where, as here, an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint.") (citation omitted).

6

Accordingly, it is now

**ORDERED AND ADJUDGED**:

1. This case is hereby **DISMISSED WITHOUT PREJUDICE** to Jackson's right to initiate a new civil rights action <u>after</u> he has properly exhausted his claims.

2. The Clerk shall enter judgment dismissing this case without prejudice.

3. The Clerk shall terminate any pending motions and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of June, 2020.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

sc 6/30
c:
Demetrius Rafael Jackson, FDOC #B09146